UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. _____

JUAN MAYOR,                                )
VICTOR F. PEREYRA,                         )
JORGE MOLINA,                              )
RODOLFO ROMAN,                             )
FILIPPO MOLINA,                            )
ALEXANDER URREA,                           )
ENRIQUE RUBI, and other similarly          )
situated individuals,                      )
                                           )
            Plaintiffs,                    )
v.                                         )
                                           )
POWER DESIGN, INC.; E & C ALLIANCE         )
ELECTRICAL INC f/k/a E & C Alliances       )
Svcs Inc.; CLAUDIA TOQUICA and             )
EDWARD CRUZ,                               )
                                           )
            Defendants.                    )

**COMPLAINT**
**(OPT-IN PURSUANT TO 29 U.S.C § 216(B))**

Plaintiffs, JUAN MAYOR, VICTOR F. PEREYRA, JORGE MOLINA, RODOLFO ROMAN, FILIPPO MOLINA, ALEXANDER URREA, ENRIQUE RUBI (collectively "Plaintiffs") and other similarly situated individuals, sue the Defendants, POWER DESIGN, INC.; E & C ALLIANCE ELECTRICAL INC f/k/a E & C Alliances Svcs Inc.; CLAUDIA TOQUICA and EDWARD CRUZ (collectively "Defendants"), and allege:

1. This is an action to recover money damages for unpaid wages under the laws of the United States and the State of Florida.

2. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

3. The Court has supplemental jurisdiction over the state law unpaid wages claims brought under Chapter 448, Florida Statutes. The facts regarding Plaintiffs' state law claims are so related to the Federal claims that they form part of the same case or controversy.

4. Plaintiffs live within the jurisdiction of this Honorable Court. Plaintiffs are covered employees for purposes of the Act.

5. Defendant POWER DESIGN, INC. (individually "Power") is a Florida profit corporation, doing business in Miami-Dade County, Florida, where Plaintiffs worked for this defendant, and at all times material hereto was and is engaged in interstate commerce.

6. Defendant E & C ALLIANCE ELECTRICAL INC f/k/a E & C Alliances Svcs Inc. (individually "E & C"), is a Florida profit corporation, doing business in Miami-Dade County, Florida, where Plaintiffs worked for this defendant, and at all times material hereto was and is engaged in interstate commerce.

7. Defendants CLAUDIA TOQUICA (individually "Toquica") and EDWARD CRUZ (individually "Cruz") (collectively the "Individual Defendants") are individuals who are officers or agents of E&C, and through this business engage in transactions in Miami-Dade County, Florida.

8. At all times material, the Defendants are and were "employers" as defined by the Act.

9. Defendants E & C and Power (the "Corporate Defendants") are entities engaged in related activities, which perform through a unified operation, with a common ownership, with a common business purpose, under a common control and administration.

10. The Corporate Defendants share employees, including the Plaintiffs and at least 21 other employees.

11. The Corporate Defendants share common ownership, common management, centralized control of labor relations, and common offices and interrelated operations. The Corporate Defendants are an integrated enterprise. In the alternative, each Corporate Defendant is an enterprise under the Act.

12. The Corporate Defendants share employees or interchange employees, work in the direct interest of one another, and their employees are in the common control of the Corporate Defendants. The Corporate Defendants are joint employers. In the alternative, each Corporate Defendant is an "employer" under the Act.

13. All conditions precedent to bringing this action have occurred, been performed or been excused.

14. The Plaintiffs have retained the undersigned counsel in order that their rights and interests may be protected. The Plaintiffs have become obligated to pay the undersigned a reasonable attorney's fee.

### COUNT I: WAGE AND HOUR FEDERAL (FLSA) STATUTORY VIOLATION BY THE CORPORATE DEFENDANTS

15. Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 – 14 as if set out in full herein.

16. This action is brought by Plaintiffs, and those similarly-situated, to recover from the Corporate Defendants unpaid minimum wages and overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and also under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess

of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

17.     29 U.S.C. § 206 (a) (1) states "... an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)]".  On July 24, 2007 Federal minimum wage was raised to $5.85/hr.  On July 24, 2008, Federal minimum wage was raised to $6.55/hr.  On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

18.     The FLSA provides minimum standards that may be exceeded, but cannot be waived or reduced.  Employers must comply, for example, with any Federal, State or municipal laws, regulations or ordinances establishing a higher minimum wage or lower maximum workweek than those established under the Act. 29 C.F.R. § 541.4.

19.     In Florida, the minimum wage in 2015 and in 2016 is and was $8.05 per hour.

20.     Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b).  The Corporate Defendants are and, at all times pertinent to this complaint, were engaged in interstate commerce. At all times pertinent to this complaint, The Corporate Defendants operated as organizations which sell and/or market their services and/or goods to customers from throughout the United States and from outside of the United States, and also provide their services for goods sold and transported from across state lines of other states, and The Corporate Defendants obtain and solicit funds from non-Florida sources, accept funds from non-Florida sources, use telephonic transmissions going over state lines to do their business, transmit funds outside the State of Florida, and otherwise regularly engage in interstate commerce, particularly with respect to their employees and customers.  Upon information and belief, the annual gross revenue of The Corporate Defendants was, at all times material hereto, in

excess of $500,000.00 per annum, and/or Plaintiffs, and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

21. By reason of the foregoing, The Corporate Defendants are and were, during all times hereafter mentioned, enterprises engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiffs, and those similarly-situated, were engaged in interstate commerce for The Corporate Defendants.  The Corporate Defendants' business activities involve those to which the Act applies.  The Corporate Defendants are construction companies and, through their business activities, affect interstate commerce.  Plaintiffs' work for The Corporate Defendants likewise affects interstate commerce. Plaintiffs were employed by The Corporate Defendants as electricians for The Corporate Defendants' business.

22. While employed by The Corporate Defendants, Plaintiffs routinely worked in excess of 40 hours per week without being compensated at a rate of not less than one and one half times the regular rate at which they were employed.  Plaintiffs were employed as electricians, performing the same or similar duties as that of those other similarly-situated electricians (approximately other 21 electricians performing the same or similar duties) who Plaintiffs observed worked in excess of 40 hours per week without overtime compensation and without getting paid all of their minimum wages.

### JUAN MAYOR

23. Plaintiff, JUAN MAYOR, was employed by The Corporate Defendants from approximately September 4, 2016 to November 23, 2016.

24. On average, Mr. MAYOR worked 53 hours per week as an electrician for the Corporate Defendants.

25. Prior to the completion of discovery and to the best of Mr. MAYOR's knowledge, at the time of the filing of this complaint, Mr. MAYOR's good faith estimate of unpaid wages is as follows:

   a. **Overtime**

   $15 (hourly rate) x 1.5 (overtime rate) x 13 (weekly average overtime) = $292.50 x 11 (compensable weeks) = $3,217.50

   b. **Minimum Wages**

   $8.05 (minimum wage) x 124 (unpaid hours) = $998.20

   c. **Actual Damages**

   a plus b above = $4,215.70

   d. **Liquidated Damages** = $4,215.70

   e. **Total: $8,431.40** plus reasonable attorney's fees and costs pursuant to law.

## VICTOR F. PEREYRA

26. Plaintiff, VICTOR F. PEREYRA, was employed by The Corporate Defendants from approximately September 1, 2016 to November 23, 2016.

27. On average, Mr. PEREYRA worked 53 hours per week as an electrician for the Corporate Defendants.

28. Prior to the completion of discovery and to the best of Mr. PEREYRA's knowledge, at the time of the filing of this complaint, Mr. PEREYRA's good faith estimate of unpaid wages is as follows:

   a. **Overtime**

   $14 (hourly rate) x 1.5 (overtime rate) x 13 (weekly average overtime) = $273 x 12 (compensable weeks) = $3,276

    b. **Minimum Wages**

        $8.05 (minimum wage) x 221.43 (unpaid hours) = $1,782.50

    c. **Actual Damages**

        a plus b above = $5,058.50

    d. **Liquidated Damages** = $5,058.50

    e. **Total: $10,117** plus reasonable attorney's fees and costs pursuant to law.

## JORGE MOLINA

29.    Plaintiff, JORGE MOLINA, was employed by The Corporate Defendants from approximately November 3, 2016, to November 23, 2016.

30.    On average, Mr. MOLINA worked 48 hours per week as an electrician for the Corporate Defendants.

31.    Prior to the completion of discovery and to the best of Mr. MOLINA's knowledge, at the time of the filing of this complaint, Mr. MOLINA's good faith estimate of unpaid wages is as follows:

    a. **Overtime**

        $14 (hourly rate) x 1.5 (overtime rate) x 8 (weekly average overtime) = $168 x 3 (compensable weeks) = $504

    b. **Minimum Wages**

        $8.05 (minimum wage) x 120 (unpaid hours) = $966

    c. **Actual Damages**

        a plus b above = $1,470

    d. **Liquidated Damages** = $1,470

    e. **Total: $2,940** plus reasonable attorney's fees and costs pursuant to law.

## RODOLFO ROMAN

32. Plaintiff, RODOLFO ROMAN, was employed by The Corporate Defendants from approximately September 1, 2016, to November 23, 2016.

33. On average, Mr. ROMAN worked 53 hours per week as an electrician for the Corporate Defendants.

34. Prior to the completion of discovery and to the best of Mr. ROMAN's knowledge, at the time of the filing of this complaint, Mr. ROMAN's good faith estimate of unpaid wages is as follows:

   a. **Overtime**

   $13 (hourly rate) x 1.5 (overtime rate) x 13 (weekly average overtime) = $253.5 x 12 (compensable weeks) = $3,042

   b. **Minimum Wages**

   $8.05 (minimum wage) x 158.77 (unpaid hours) = $1,278.09

   c. **Actual Damages**

   a plus b above = $4,320.09

   d. **Liquidated Damages** = $4,320.09

   e. **Total: $8,640.18** plus reasonable attorney's fees and costs pursuant to law.

## FILIPPO MOLINA

35. Plaintiff, FILIPPO MOLINA, was employed by The Corporate Defendants from approximately November 3, 2016, to November 23, 2016.

36. On average, Mr. MOLINA worked 48 hours per week as an electrician for the Corporate Defendants.

37. Prior to the completion of discovery and to the best of Mr. MOLINA's knowledge, at the time of the filing of this complaint, Mr. MOLINA's good faith estimate of unpaid wages is as follows:

   a. **Overtime**

   $14 (hourly rate) x 1.5 (overtime rate) x 8 (weekly average overtime) = $168 x 3 (compensable weeks) = $504

   b. **Minimum Wages**

   $8.05 (minimum wage) x 120 (unpaid hours) = $966

   c. **Actual Damages**

   a plus b above = $1,470

   d. **Liquidated Damages** = $1,470

   e. **Total: $2,940** plus reasonable attorney's fees and costs pursuant to law.

### ALEXANDER URREA

38. Plaintiff, ALEXANDER URREA, was employed by The Corporate Defendants from approximately August 16, 2016 to November 23, 2016.

39. On average, Mr. URREA worked 53 hours per week as an electrician for the Corporate Defendants.

40. Prior to the completion of discovery and to the best of Mr. URREA's knowledge, at the time of the filing of this complaint, Mr. URREA's good faith estimate of unpaid wages is as follows:

   a. **Overtime**

   $11 (hourly rate) x 1.5 (overtime rate) x 13 (weekly average overtime) = $214.50 x 14 (compensable weeks) = $3,003

   b. **Minimum Wages**

   $8.05 (minimum wage) x 124 (unpaid hours) = $998.20

   c. **Actual Damages**

   a plus b above = $4,001.20

   d. **Liquidated Damages** = $4,001.20

   e. **Total: $8,002.40** plus reasonable attorney's fees and costs pursuant to law.

## ENRIQUE RUBI

41. Plaintiff, ENRIQUE RUBI, was employed by The Corporate Defendants from approximately August 18, 2016, to November 23, 2016.

42. On average, Mr. RUBI worked 53 hours per week as an electrician for the Corporate Defendants.

43. Prior to the completion of discovery and to the best of Mr. RUBI's knowledge, at the time of the filing of this complaint, Mr. RUBI's good faith estimate of unpaid wages is as follows:

   a. **Overtime**

   $12 (hourly rate) x 1.5 (overtime rate) x 13 (weekly average overtime) = $234 x 14 (compensable weeks) = $3,276

   b. **Minimum Wages**

   $8.05 (minimum wage) x 119 (unpaid hours) = $957.95

   c. **Actual Damages**

   a plus b above = $4,233.95

   d. **Liquidated Damages** = $4,233.95

   e. **Total: $8,467.90** plus reasonable attorney's fees and costs pursuant to law.

44.     At all times material hereto, The Corporate Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiffs, and those similarly-situated, performed services and worked in excess of the maximum hours provided by the Act but no provision was made by The Corporate Defendants to properly pay them at the rate of time and one half for all hours worked in excess of 40 hours per workweek as provided in said Act. Furthermore, The Corporate Defendants did not abide by the Federal law requiring that employees be paid at least a minimum wage for certain hours. In fact, the Corporate Defendants paid $0.00 for some weeks in which the Plaintiffs and other similarly situated individuals worked for them. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of The Corporate Defendants who are and who were subject to the same unlawful payroll practices and procedures of The Corporate Defendants and were not properly paid for all owed minimum wages or paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of 40 per week.

45.     The Corporate Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum and overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiffs, and those similarly-situated, these minimum and overtime wages as described above, and Plaintiffs, and those similarly-situated, are entitled to recover double damages. The Corporate Defendants never posted any notice, as required by the Act and other Federal regulations, to inform employees of their federal rights to overtime and minimum wage payments.

46.     The Corporate Defendants willfully and intentionally refused to pay Plaintiffs and those similarly situated individuals all of their minimum and overtime wages as required by the law of the United States as set forth above and remain owing Plaintiffs and other similarly

situated these minimum and overtime wages since the commencement of Plaintiffs' employment with The Corporate Defendants as set forth above.

47. The Corporate Defendants willfully and intentionally failed to keep records of all hours worked by Plaintiffs and similarly situated individuals, and of all payments made to Plaintiffs and other similarly situated individuals pursuant to the Act and the Code of Federal Regulations.

48. Plaintiffs have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay reasonable attorneys' fees.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, and those similarly situated, request that this Honorable Court:

A. Enter judgment for Plaintiffs, and others similarly situated, and against the Corporate Defendants on the basis of the Corporate Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiffs actual damages in the amount shown to be due for unpaid minimum wages and overtime compensation for hours worked in excess of forty per week, with interest; and

C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

D. Award Plaintiffs reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief, as this Court deems equitable and just and/or available pursuant to Federal Law.

F. Plaintiffs and those similarly situated demand a trial by jury.

### COUNT II: WAGE AND HOUR FEDERAL (FLSA) STATUTORY VIOLATION BY the INDIVIUDAL DEFENDANTS

49.     Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 – 48 as if set out in full herein.

50.     At the times mentioned, the Individual Defendants were, and are now, Officers, Owners, or Supervisors of E&C.  The Individual Defendants were an employer of Plaintiff and of others similarly situated within the meaning of Section 3(d) of the Act in that these Individual Defendants acted directly in the interests of E&C in relation to its employees, including Plaintiffs and others similarly situated.  The Individual Defendants had operational control of the business of E&C and are jointly and severally liable for the Plaintiffs' damages.

51.     The Individual Defendants were and are, at all times relevant, persons in control of E&C's financial affairs and can cause E&C to compensate (or not to compensate) its employees in accordance with the Act.

52.     The Individual Defendants willfully and intentionally caused Plaintiffs not to receive all of their minimum wages or overtime compensation as required by the law of the United States as set forth above and remain owing Plaintiffs these minimum wage and overtime wages since the commencement of Plaintiffs' employment with The Individual Defendants as set forth above.

53.     Plaintiffs have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay reasonable attorneys' fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, RECINOS, and those similarly situated, request that this Honorable Court:

A.      Enter judgment for Plaintiffs, and other similarly situated, and against The Individual Defendants on the basis of The Individual Defendants' willful violations of the Fair

Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

  B. Award Plaintiffs actual damages in the amount shown to be due for unpaid wages, with interest plus reimbursement of expenses; and

  C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

  D. Award Plaintiffs reasonable attorneys' fees and costs of suit; and

  E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

  F. Plaintiffs and those similarly situated demand a trial by jury.

## COUNT III: UNPAID WAGES UNDER FLORIDA COMMON LAW AND SECTION 448.08, FLORIDA STATUTES

  54. Plaintiffs incorporate herein Paragraph Numbers 1 through 53.

  55. Plaintiffs were employed by Defendants as electricians. Plaintiffs performed all of their duties as directed.

  56. However, Plaintiffs have worked certain hours for which the Defendants have not paid at all. All the hours worked by Plaintiff were worked within the State of Florida.

  57. Defendants owe Plaintiff, JUAN MAYOR, $1,860 in unpaid wages.

  58. Defendants owe Plaintiff, VICTOR PEREYRA, $3,100 in unpaid wages.

  59. Defendants owe Plaintiff, JORGE MOLINA, $1,680 in unpaid wages.

  60. Defendants owe Plaintiff, RODOLFO ROMAN, $2,064 in unpaid wages.

  61. Defendants owe Plaintiff, FILIPPO MOLINA, $1,680 in unpaid wages.

  62. Defendants owe Plaintiff, ALEXANDER URREA, $1,364 in unpaid wages.

  63. Defendants owe Plaintiff, ENRIQUE RUBI, $1,428 in unpaid wages.

64.     Defendants owe Plaintiffs wages earned under Florida common law and attorneys' fees and costs incurred pursuing this action under Florida Statutes, Section 448.08, should the Plaintiffs prevail on this claim.

65.     Plaintiffs have retained undersigned counsel to represent them in this matter and have agreed to pay said firm a reasonable attorney's fee for its services.

**WHEREFORE**, Plaintiffs respectfully request this Court grant the following relief:

A. Back pay in the form of lost wages, including lost benefits, plus interest;

B. Costs of this action, together with reasonable attorneys' fees;

C. Post-judgment interest; and

D. Such other and further relief as this Court deems equitable and just.

E.  Plaintiffs demand trial by jury of all issues so triable as of right.

Dated: December 13, 2016.

> Respectfully submitted,
>
> By:__/s/ R. Martin Saenz
> R. Martin Saenz, Esquire
> Fla. Bar No.: 0640166
> Email: msaenz@saenzanderson.com
> SAENZ & ANDERSON, PLLC
> 20900 NE 30th Avenue, Ste. 800
> Aventura, Florida 33180
> Telephone: (305) 503-5131
> Facsimile:  (888) 270-5549
> *Attorneys for Plaintiffs*